SUMMARY ORDER

Petitioner Xiang Xiu Ye, a native and citizen of the People’s Republic of China, seeks review of a January 13, 2009 order of the BIA affirming the April 6, 2007 decision of Immigration Judge (“IJ”) Sandy Horn denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Xiang Xiu Ye, No. A 099 677 649 (B.I.A. Jan. 18, 2009), aff'g No. A 099 677 649 (Immig. Ct. N.Y. City Apr. 6, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(l)(B)(iii). Thus, we “defer ... to an IJ’s credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling.” Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008).
I. Illegal departure
Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Because Ye fails to challenge the agency’s denial of his claim based on his illegal departure, we deem any such challenge waived.
II. Support of Falun Gong in China
The IJ denied Ye’s claim based on his alleged support of Falun Gong in China after making an adverse credibility determination. Substantial evidence supports that determination. Ye does not challenge the IJ’s reliance on: (1) the inconsistency in his testimony concerning when authorities came to his home looking for his friend; (2) the inconsistency between his testimony and his mother’s letter concerning the injuries he suffered; (3) the inconsistency regarding whether he was given only an oral warning not to be involved with Falun Gong activities when he was released from detention or was required, instead, to sign a guarantee; and (4) the inconsistency between his testimony that authorities came to his home twice, and his father’s letter, which indicates that authorities only came on one occasion. Therefore, we deem any challenge to those findings waived, see Yueqing Zhang, 426 F.3d at 541 n. 1, 545 n. 7, and they stand as valid bases for the IJ’s adverse credibility determination. See Shunfu Li v. Mukasey, 529 F.3d 141, 146 (2d Cir.2008). To the extent that Ye asserts generally that *434 the IJ relied on minor discrepancies, under the REAL ID Act, which applies to Ye’s application for relief, “an IJ may rely on any inconsistency or omission in making an adverse credibility determination as long as the ‘totality of the circumstances’ establishes that an asylum applicant is not credible.” Xiu Xia Lin, 584 F.3d at 167.
The IJ also based his credibility determination on his assessment of Ye’s demeanor. Contrary to Ye’s assertion that the IJ did not cite specific examples supporting his demeanor finding, the IJ noted several occasions when Ye was unable to recall key aspects of his claim. We accord great deference to an IJ’s assessment of an applicant’s demeanor and see no reason to disturb that finding here. See Majidi v. Gonzales, 430 F.3d 77, 81 n. 1 (2d Cir.2005).
Taken as a whole, the IJ’s adverse credibility determination was supported by substantial evidence. See 8 U.S.C. § 1158(b)(l)(B)(iii); Xiu Xia Lin, 534 F.3d at 167. Therefore, the IJ properly denied Ye’s applications for asylum, withholding of removal, and CAT relief to the extent they were based on his claim that he supported Falun Gong in China where the only evidence that he would be persecuted or tortured on that basis depended on his credibility. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005).
III. Practice of Falun Gong in the United States
It is somewhat unclear whether the IJ intended for his adverse credibility determination to encompass Ye’s claim that he feared persecution because he had started practicing Falun Gong in this country. Regardless, while an applicant’s credible testimony alone may suffice to carry his burden of proof in establishing eligibility for asylum, it does not always. 8 U.S.C. § 1158(b) (1) (B) (ii). Here, the IJ denied relief based on Ye’s claim that he practices Falun Gong in the United States after finding that he failed to provide reasonably available corroborative evidence in the form of witnesses or affidavits corroborating his practice. Ye contends that the IJ erred in finding that this evidence was reasonably available where all of the individuals who could provide it did not have legal status in the United States and were therefore reluctant to reveal their identities and locations to the United States government.
Under the REAL ID Act amendments, “[w]here the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence.” See 8 U.S.C. § 1158(b)(l)(B)(ii). “No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence ... unless the court finds ... that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.” 8 U.S.C. § 1252(b)(4).
Here, nothing in the record compels us to conclude that the evidence the IJ sought was not reasonably available. See Id.; Majidi, 430 F.3d at 80-81 (finding that the agency need not credit an applicant’s explanations unless those explanations would compel a reasonable fact-finder to do so).
Because substantial evidence supports the IJ’s finding that Ye failed to present reasonably available corroboration, the IJ properly denied his application for asylum to the extent it was based on his practice of Falun Gong in the United States. See 8 U.S.C. § 1158(b)(l)(B)(ii). Because Ye was unable to show the objective likelihood of persecution needed to make out an asylum claim on that basis, he was necessarily *435 unable to meet the higher standard required to succeed on a claim for withholding of removal or CAT relief. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Kyaw Zwar Tun v. INS, 445 F.3d 554, 567 (2d Cir.2006); see also 8 U.S.C. § 1231(b)(3)(c).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).